and observe the requirements of the law and any violations thereof.

I agree that this case is not to be decided on "technicalities," a term often used for refinements of law, but on the broad and only safe ground for any judicial tribunal to take, namely, that, as I think, the law does not authorize the case to be heard or decided on any of the grounds named in the petition. To decide otherwise would be to usurp legislative functions,—a thing which is abhorrent to free institutions. No matter how urgent the demand for the exercise by the court of authority not granted to it by the legislature, the answer must be, the court declares and does not make the law.

I agree that the demurrer should be sustained and the petition dismissed on the grounds named in the opinion of the majority, but I also think that for the reasons above named there was no decision in fact or substance of any ballots having been wilfully exhibited, and that the demurrer ought to be sustained on that ground also. In that respect only I non-concur with the opinion of the court.

---

No. 19.   JOHN C. LANE v. JOSEPH J. FERN. Election Contest. Petition for Rehearing. Filed December 6, 1910. Decided December 6, 1910. Hartwell, C.J., Perry and De Bolt, JJ. Per curiam. The petition consists simply of a request for permission to further argue the questions presented by the demurrer. It sets forth none of the well known grounds for a rehearing. The petition is denied without argument under Rule 5.

G. A. Davis, A. F. Judd, R. W. Breckons and G. S. Curry for petitioner.

W. W. Thayer and C. W. Ashford for respondent.

---

No. 19.   JOHN C. LANE v. JOSEPH J. FERN. Election Contest. Petition (second) for Rehearing. Filed De-